5

BAKKEN LAW FIRM
LORIS L. BAKKEN (California State Bar No. 215033)
2715 W. Kettleman Ln., Ste. 203, #334
Lodi, California 95242
Telephone: (209) 251-6672
Facsimile: (209) 370-8911
Email: loris@bakkenlawfirm.com

Attorneys for Chapter 7 Trustee
KIMBERLY J. HUSTED

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RUPINDER K. DAIL,<br><br>Debtor. | NO: 20-21464-C-7<br><br>DC No.: BLF-003<br><br>**FIRST AND FINAL APPLICATION FOR COMPENSATION OF LORIS L. BAKKEN OF BAKKEN LAW FIRM, COUNSEL FOR CHAPTER 7 TRUSTEE KIMBERLY J. HUSTED**<br><br>Date: March 10, 2021<br>Time: 10:00 a.m.<br>Place: Department C<br>The Honorable Christopher M. Klein |

Applicant Loris L. Bakken of the Bakken Law Firm ("Bakken"), counsel of record for Chapter 7 Trustee Kimberly J. Husted, respectfully submits this first and final application for compensation for legal services rendered and costs incurred of **$7,331.85** (legal fees of $7,290.00 and costs of $41.85) for the period of May 13, 2020, through and including February 24, 2021, pursuant to 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016. (Bakken Decl., ¶ 2, Ex. A).

Loris L. Bakken is authorized to practice law in the State of California and before this Court. (Bakken Decl., ¶ 2, Ex. B). The order authorizing Bakken's employment in this case was entered on June 2, 2020, effective May 13, 2020. There was no agreement by Bakken or any of its members or employees to share the compensation requested with any other person.

(Doc. No. 22; Bakken Decl., ¶ 3, Ex. C). Bakken spent a total of 24.3 hours in this matter as follows:

> Loris L. Bakken, Esq.; admitted to California State Bar in 2001; 24.3 hours at $300.00 per hour.

## I.
## NARRATIVE DESCRIPTION OF SERVICES PERFORMED

A.    Overall Summary.

The Debtor filed this case on March 11, 2020, and Kimberly J. Husted is the Chapter 7 Trustee. (Doc. No. 1).

Bakken provided legal advice and rendered legal services to Ms. Husted regarding general case administration and strategies on how to handle property of the estate and assisted Ms. Husted in the investigation of ownership and valuation of property of the estate. (Bakken Decl., ¶¶ 4-5).

B.    Detailed Description of Legal Services Rendered.

    1.    General Case Administration.

Bakken spent 4.1 hours on general case administration. This time included preparing Bakken's fee agreement and employment application, reviewing and extending deadlines to object to exemptions and to file a complaint objecting to the Debtor's discharge, and preparing Bakken's fee application. Bakken anticipates attending the hearing on the fee application by telephone. (Bakken Decl., ¶ 4).

    2.    Investigation of Ownership and Valuation of Property of the Estate.

On March 11, 2020, the Debtor filed a petition with no schedules. On March 25, 2020, the Debtor filed schedules in which the Debtor disclosed assets including, without limitation, her residence, 4 vehicles, a bank account, a 401k retirement account, a 457 retirement account, and term life insurance. In addition, the Debtor disclosed a pending divorce action filed February 1, 2019. (Doc. No. 14).

Ms. Husted requested that the Debtor provide copies of all divorce documents, which she did. At Ms. Husted's request, Bakken reviewed the documents and discussed them with

Ms. Husted. The documents revealed numerous assets that the Debtor had failed to disclose in her schedules including the fact of the Debtor's having inherited funds from her mother's probate estate and transferring real property to her sister prepetition. (Husted Decl., ¶ 3; Bakken Decl., ¶ 5).

In addition, Bakken attended the Section 341 meeting of creditors and questioned the Debtor regarding the assets missing from her schedules. Following the meeting, Bakken discussed with Debtor's counsel, Jeffrey Meisner, the need for amended schedules. In addition, Bakken had several communications with Mr. Meisner regarding her request for additional documents and information regarding the Debtor's mother's probate as well as the prepetition transfer of real property to the Debtor's sister, which the Debtor provided. (Bakken Decl., ¶ 5).

Bakken reviewed the documents and information regarding the Debtor's mother's probate and the Debtor's prepetition transfer of real property to her sister and discussed them with Ms. Husted. Ultimately, Ms. Husted determined that the Debtor's mother's home was the primary asset in the Debtor's mother's probate estate, and that the Debtor and her sister, the heirs, sold the property for fair market value. Thus, these assets were not property of the estate and there was not an avoidable transfer to pursue. (Husted Decl., ¶ 4; Bakken Decl., ¶ 5).

On July 6, 2020, the Debtor filed amended schedules and added several vehicles, furniture, electronics, clothing, jewelry, an estimated 2019 tax return, an interest in the royalties from a film, and pets. In addition, the Debtor disclosed financial accounts with Ryan Wealth Management ("RWM") totaling $52,634.88 and, at Ms. Husted's request, provided documents regarding the accounts. The Debtor did not claim the RWM accounts exempt. (Husted Decl., ¶ 5; Doc. No. 27).

At Ms. Husted's direction, Bakken reviewed the ownership and values of the assets disclosed in the amended schedules and compared the information with that provided in the divorce documents and discussed at length with Ms. Husted. (Bakken Decl., ¶ 5).
FIRST AND FINAL APPLICATION FOR
COMPENSATION OF BAKKEN LAW FIRM

3

The deadline to file claims passed on July 20, 2020, and the total claims filed is $29,103.04.

Thus, Ms. Husted determined that the $52,634.88 in the RWM account would be sufficient to pay all claims and administrative expenses. At Ms. Husted's direction, Bakken discussed this with Mr. Meisner and requested Debtor's cooperation in the turn-over. Ms. Husted contacted RWM and demanded turnover of the funds; however, RWM required Ms. Husted to complete several documents and required Debtor's authorization to release the funds to Ms. Husted. Ms. Husted and Bakken made multiple requests to Mr. Meisner to provide the required authorization to RWM to avoid the need for a motion to compel turnover that would create unnecessary administrative expense and diminish the possibility of a surplus for the Debtor. Eventually, RWM received the necessary authorization and released the funds to Ms. Husted. (Husted Decl., ¶ 6; Bakken Decl., ¶ 6).

Bakken discussed with Mr. Meisner's colleague, William McLaughlin, the status of the case and counsel's continued representation of the Debtor. (Bakken Decl., ¶ 6).

Bakken spent 20.2 hours in connection with these tasks.

## II.
## FUNDS HELD BY THE ESTATE

Ms. Husted is holding approximately $50,600.00. No other recoveries are anticipated and the estate is in a position to close. (Husted Decl., ¶ 7).

## III.
## DETAILED DESCRIPTION OF COSTS

Bakken's costs are **$41.85**, as follows:

| ITEM | AMOUNT |
|---|---|
| Postage | $23.75 |
| Copying ($0.10 per page) | $18.10 |
| **TOTAL COSTS** | **$41.85** |

These costs were actual and necessary and are billed consistently with the practices and procedures of this Court. (Bakken Decl., ¶ 7).

FIRST AND FINAL APPLICATION FOR
COMPENSATION OF BAKKEN LAW FIRM　　　　4

## IV.
## DISCLOSURE OF PRIOR FEES

Bakken has not applied for or received compensation in this case. (Bakken Decl., ¶ 8).

## V.
## CONCLUSION

Loris L. Bakken respectfully requests that the Court grant this first and final fee application, authorize payment to Bakken in the amount of **$7,331.85** (legal fees of $7,290.00 and costs of $41.85) for the period of May 13, 2020, through and including February 24, 2021, pursuant to 11 U.S.C. § 330, and that it grant such further and other relief as may be just and proper.

Dated: January 17, 2021

BAKKEN LAW FIRM

By: ___/s/ Loris L. Bakken___
LORIS L. BAKKEN
Attorneys for Chapter 7 Trustee
KIMBERLY J. HUSTED